1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEWEY TERRY,

      Plaintiff,               No. CIV S-10-0068 GGH P

  vs.

JOHN HIVILAND, et al.,

      Defendants.     <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a trust account statement and certificate of funds that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $8.29 will be assessed by this order.  28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

2   preceding month's income credited to plaintiff's prison trust account.  These payments will be

3   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

4   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18         A complaint must contain more than a "formulaic recitation of the elements of a

19  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

20  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

21  "The pleading must contain something more...than...a statement of facts that merely creates a

22  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

23  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

24  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

25  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

26  1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

1  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2  Id.

3          In reviewing a complaint under this standard, the court must accept as true the

4  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

6  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

7  1843 (1969).

8          Plaintiff alleges that defendant Chavez posted a racist picture in her office

9  containing an offensive depiction of President Obama.  Plaintiff alleges that after he complained

10  about this picture, defendant Chavez approached him in an aggressive manner and stated that

11  plaintiff was causing problems for her by filing the complaint against her.  Defendant told

12  plaintiff that she was going to send a memorandum to the Warden stating that plaintiff was filing

13  false documents.

14          Plaintiff alleges that he brought the matter of the racist picture to the attention of

15  defendant Warden Haviland via the Men's Advisory Committee.  Plaintiff alleges that instead of

16  making defendant Chavez take the picture down, defendant Haviland swept the matter under the

17  rug.

18          The complaint states a colorable claim for relief against defendants Chavez and

19  Haviland pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

20          Plaintiff alleges that he brought the picture to the attention of defendant Clay, who

21  then removed it and destroyed it.  Plaintiff alleges that defendant Clay violated his rights by

22  destroying evidence.  The allegations do not state a colorable claim against defendant Clay.

23  Plaintiff had no due process right to the preservation of evidence in the context alleged.  That is,

24  unless plaintiff could allege plausible facts demonstrating  that defendant Clay performed the

25  picture destruction for the purpose of destroying evidence, instead of simply agreeing to

26  plaintiff's implicit request to get rid  of the offensive picture, the court cannot conceive of a

plausible claim.  Moreover, plaintiff's claim against the other defendants is not that they

somehow created/posted the picture, but that they retaliated against him for asking to have the

picture remedied.  The importance of having the picture *per se* is much less significant in the

retaliation scenario.  Accordingly, the claims against defendant Clay are dismissed with leave to

amend, although it is doubtful that plaintiff can cure this pleading defect.

   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

<u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed

deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d

164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

vague and conclusory allegations of official participation in civil rights violations are not

sufficient.  <u>See Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v.</u>

<u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.

   Accordingly, IT IS HEREBY ORDERED that:

   1.  Plaintiff's request to proceed in forma pauperis is granted;

   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

Plaintiff is assessed an initial partial filing fee of $8.29.  All fees shall be collected and paid in

accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3.  Plaintiff's claims against defendant Clay are dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

      4.  Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: February 2, 2010

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ter68.b1

5